UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                          Criminal Case No. 16-20069

Trey Roberson,                                   Sean F. Cox
                                                         United States District Court Judge

      Defendant.

_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR REVOCATION OF ORDER OF DETENTION
AND REQUEST FOR BOND**

Defendant Trey Roberson ("Roberson") recently pleaded guilty to several supervised release violations and  is awaiting sentencing, which is currently scheduled for June 10, 2020. The matter is before the Court on Roberson's motion asking the Court to release him on bond pending sentencing.   The parties have briefed the issues.  The Court concludes that a hearing on this motion is not necessary and orders that the motion will be decided upon the briefs.  For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

After serving a 33-month sentence for a conviction for being a felon in possession of a firearm, Roberson began serving a two-year term of supervised release on July 6, 2018.

Since the onset of that term of supervision, Roberson absconded on several occasions and failed to report to his probation officer as instructed.  On February 13, 2019, a supervised release violation hearing was held and Roberson's term of supervised release was revoked.  Roberson was sentenced to time served, followed by two-years of supervised release with all original conditions remaining in effect.

Roberson began his second term of supervised release on February 13, 2019.  Shortly thereafter, Roberson traveled without permission to another state for a period of time, before returning and failing to report to his probation officer as instructed.  Roberson tested positive for numerous illegal substances and involved himself in new criminal activity while on supervised release.  Violation number five was for the violation of standard condition 11, the "defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."  During his second term of supervised release, Roberson was charged with Assault with Intent to Do Great Bodily Harm by Strangulation and Interfering with Electronic Communications in the city of Ypsilanti, Michigan and failed to report that to his probation officer.  Roberson absconded but was ultimately arrested by the United States Marshals.

On March 5, 2020, Roberson appeared before Magistrate Judge Elizabeth Stafford on the Violation Petition.  Roberson consented to detention at that time.

On May 15, 2020, this Court held a hearing regarding the violations.  Roberson admitted responsibility for violations one through five.  This Court scheduled his sentencing for June 10, 2020.

On May 15, 2020, Roberson filed a "Motion For Revocation Of Order Of Detention And Request For Bond" (ECF No.46) wherein he asks the Court to revoke the detention order and release him on bond until his sentencing.  Roberson's motion states that his cousin recently passed away and that he would like to attend the funeral, to be held the weekend of May 16-17th. Roberson states that even if he is "unable to be released in time to attend the funeral, his family would like him to be with them to grieve as soon as possible."  (Def.'s Br. at 2).  The motion

further states:

> In addition, Mr. Roberson and his mother indicated to Counsel that the mother of Defendant's youngest daughter has fallen ill recently, possibly with Covid-19. The family is concerned about who would care for their 8 month old daughter if she has to be hospitalized. Defendant is a father to five young children, who he supports and cares for, and he is concerned about their well-being since he has been incarcerated.

(Def.'s Br. at 2). Roberson states that "[i]f released pending his Sentencing on June 10th, Mr. Roberson would reside with his grandparents in Ypsilanti, along with two of his young children." (*Id*. at 5). The Government opposes Roberson's motion.

## ANALYSIS

The provisions of 18 U.S.C. § 3143 govern the "Release or detention of a defendant pending sentence or appeal." Because Roberson is awaiting sentencing for the supervised release violations, his request for release is governed by 18 U.S.C. § 3143(a)(1) which provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released . . ." 18 U.S.C. § 3143(a)(1). Thus, "[r]elease is no longer favored once guilt of a crime has been established" and "Section 3143(a)(1) creates a presumption against release which the defendant must overcome." *United States v. Bowman*, 98 F.3d 1343 (6th Cir. 1996) (Citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)).

Here, the Government notes that the underlying offense in this case was Roberson's twelfth criminal conviction, despite Roberson being just 23 years old. The Government asserts that while Roberson's family circumstances are unfortunate, his "total disregard for complying with or even attempting to comply with this Court's terms of supervised release, coupled with

his significant criminal history, compel the conclusion that he has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released on bond." (Govt.'s Br. at 6-7).

The Court agrees with the Government that Roberson has not met his burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released on bond. To the contrary, this Court concludes that Roberson poses both a danger to the community and is a flight risk.

## CONCLUSION & ORDER

For all of these reasons, IT IS ORDERED that Roberson's motion seeking release pending sentencing is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
Dated: May 27, 2020          United States District Judge